[S. F. No. 8870. In Bank.—September 24, 1918.]

## FRANK N. RODGERS, Petitioner, v. FRANK C. JORDAN, as Secretary, etc., Respondent.

ELECTIONS—DIRECT PRIMARY LAW—INELIGIBILITY OF CANDIDATE AS NOMINEE OF ANOTHER POLITICAL PARTY—CONSTITUTIONALITY OF AMENDMENT OF 1917.—Application for a writ of mandate denied on the authority of *Heney* v. *Jordan, ante,* p. 24.

PROCEEDING in Mandamus originally instituted in the Supreme Court to compel the Secretary of State to issue a certificate of nomination to petitioner as party candidate for member of the assembly. Dismissed.

The facts are similar to those stated in the opinion in *Heney* v. *Jordan, ante,* p. 24, [175 Pac. 402].

Sullivan & Sullivan and Theo. J. Roche and Cullinan & Hickey, for Petitioner.

U. S. Webb, Attorney-General, and Wm. H. Jordan, for Respondent.

Isidore B. Dockweiler and Garret W. McEnerney, for Democratic State Central Committee.

THE COURT.—This is an application for a writ of mandate.

According to the petition, the allegations of which are admitted by the demurrer, the material facts are as follows: At the recent primary election petitioner Rodgers, who was affiliated with the Republican party for thirty-five days or more before the date of the primary election, as shown by his affidavit of registration, was a candidate for both the Republican and Democratic nominations for the office of member of the assembly for the thirty-second assembly district, as was also one George W. Warren. Petitioner failed to receive

the highest number of votes for the Republican nomination, being defeated therefor by said Warren. He, however, received the highest number of votes for the nomination of the Democratic party, defeating said Warren therefor. He therefore claims to be the nominee of the Democratic party for such office and has demanded of respondent, Secretary of State, that he certify his name as that of the nominee of the Democratic party for such office at the coming general election, and respondent, basing his action on provisions of our primary law, has refused to so certify, hence this application.

What we have said as to the question presented by these facts in the matter of *Heney* v. *Jordan, ante,* p. 24, [175 Pac. 402], disposes of the claim of the petitioner.

It is ordered that the order to show cause be discharged and the proceeding dismissed.